JOSEPH W. BALDERSTON, Appellant, v. CUDAHY PACKING COMPANY.

**Master and servant:** CONTRIBUTORY NEGLIGENCE: INSTRUCTION. An employe is bound to use only such care for his safety as a reasonably prudent person would exercise under like circumstances; so that where an employe while storing ice notified the clutchman to desist sending ice down the slide, which was done presumably in response to the notice, he might have been justified in the belief that the clutchman understood the signal,

and was not, as a matter of law, negligent in attempting to replace the slide without actual knowledge that the signal was heard and understood.

**Same:** VERDICT UPON ERRONEOUS INSTRUCTIONS: REVERSAL.   While an instruction though erroneous is the law of the case in determining whether the verdict is supported by the evidence, still where a verdict has been returned which might have been based upon an erroneous instruction it may be reversed, though under other instructions, also erroneous, the same verdict must have been returned.

**Appeal:** AMENDMENT TO ABSTRACT.   Where an appellee's amendment to appellant's abstract contain matters proper and necessary to the correction of the record it will not be stricken because containing a limited amount of matter not proper to be considered.

*Appeal from Woodbury District Court.*—HON. DAVID
MOULD, Judge.

FRIDAY, OCTOBER 23, 1908.

ACTION to recover damages for personal injuries received by plaintiff while in defendant's employ, alleged to have been the result of defendant's negligence. There was a verdict for the defendant, and plaintiff appeals. —*Reversed.*

*P. A. Sawyer* and *Henderson & Fribourg,* for appellant.

*M. L. Sears,* for appellee.

McCLAIN, J.—At the time of receiving/ the injury for which recovery is sought, plaintiff was engaged in an icehouse of defendant, storing away cakes of ice, which were run down on a slide through an opening, having been first carried up to the opening by an elevator or endless chain on the outside operated by power under

the control of one Carter designated as "clutchman." At the particular moment of receiving the injury plaintiff was engaged with other men under his direction, while the discharge of ice through the opening by means of the elevator was temporarily stopped, in changing the slide so that it would carry the ice to a different part of the house, and while thus engaged a cake of ice came down unexpectedly and struck plaintiff, inflicting severe injuries for which he is seeking to recover. The method of operating the elevator was this: The clutchman would turn the power which moved the elevator on or off as the presence or absence of cakes of ice on the outside to be brought up required, and the men inside were expected to look out for the ice as it came through the opening and down the slide; and these men had no right to assume that, because the elevator was stopped and ice was not coming, it would not be started up at any time and cakes of ice again be sent down the slide. But, if the men inside desired to change the slide, they would notify the clutchman to stop the elevator, and, when he was thus notified, it was his duty not to start the elevator again until advised from the inside that they were ready to have ice sent down the slide.

One of the allegations of negligence in the petition was that by reason of this method of operation, and in the absence of any definitely arranged signals by which the men inside could be advised of the starting of the elevator, the place where plaintiff was working was an unsafe place to work, rendered so by the method in which the work was carried on, and that this method was negligent. It was further alleged that the defendant was negligent in starting the elevator without giving any warning to plaintiff. There was evidence tending to show that plaintiff, desiring to change the slide, went to the opening in the end of the building where he could see the clutchman and be within hailing distance of him,

and called to him to "hold it," and that he and the other men then proceeded to change the slide, and that without direction from plaintiff, or the men working with him on the inside, or other indication to the clutchman that they were ready to have ice sent down the slide, the clutchman put the elevator into operation, and sent down the cake of ice which caused the injury to plaintiff. The court submitted to the jury the question whether defendant was negligent in not warning plaintiff that the elevator was about to be started after plaintiff had given notice that it should be stopped, and told them that it is the duty of an employer to use reasonable care to provide a reasonably safe place for his employes to work, and that if they should find it to have been the duty of the defendant under the circumstances to warn plaintiff of the starting of the elevator after it had been stopped by an order from the men inside, and defendant through its employes caused the elevator to be started without warning, occasioning the injury to plaintiff, then defendant would be negligent and liable, unless plaintiff himself was guilty of contributory negligence. The court further told the jury that if, before changing the slide, plaintiff notified the clutchman to stop the elevator, and the clutchman heard the order, and in pursuance of such order the elevator was stopped, then plaintiff would not be guilty of contributory negligence in changing the slide, but, if it appeared that plaintiff did not notify the clutchman to stop the elevator, and that while it was stopped for some other reason he proceeded to change the slide, and while so doing received the injury complained of by reason of the starting of the elevator, then plaintiff would be guilty of contributory negligence such as to defeat his recovery. The court then gave the following instruction:

If you find from the evidence in this case that the plaintiff, before proceeding to change the slides, called to

the clutchman to stop the elevator, and the clutchman did
not hear said order, but stopped the elevator for some
other reason, and plaintiff, without knowing whether the
clutchman heard the order or not, proceeded to change
the slides while the elevator was not running, and he re-
ceived the injuries complained of by reason of the elevator
starting without warning, then the plaintiff would be
guilty of contributory negligence, and your verdict should
be for the defendant.

The complaint for appellant is that the instruction
just quoted in full was wrong, in that plaintiff's want of
knowledge as to whether the clutchman heard his order
1. MASTER AND     to stop the elevator, and thereby became
SERVANT: con-
tributory neg-    bound to hold it until instructed by the
ligence: in-
struction.·       men inside that they were ready for more
ice, would prove contributory negligence on the part of
plaintiff in proceeding to change the slide while the ele-
vator was not running.  We think this criticism is well
founded.  Under the instruction, plaintiff might have had
every reason to believe, in the exercise of care and cau-
tion such as the nature of the business required, that
the clutchman had heard his signal, and had acted in
accordance with it in stopping the elevator, and yet, if as
a matter of fact the clutchman had not heard plaintiff's
direction, plaintiff must have been found to have been
negligent; for, if the clutchman did not hear the order,
then plaintiff could not have known as a matter of
fact that the clutchman had heard it.  One cannot know
a thing to be true which is not true, however strong
his reasonable belief that it is true.  Practically the ab-
solute risk without regard to care in any degree as to
apprehension by the clutchman of the communication made
to him by plaintiff, was cast upon the plaintiff and this with
reference to the issue of contributory negligence on plain-
tiff's part under which plaintiff was not bound to prove
more than the exercise of such care as a reasonably prudent

person would exercise under the circumstances. It might well have been found by the jury under the evidence that plaintiff reasonably believed that the clutchman understood the direction given, and, on the other hand, that the clutchman also in the exercise of reasonable care failed to hear the direction which plaintiff gave. Plaintiff testified, "I don't know whether he (the clutchman) heard me or not," but such a statement is not inconsistent with the justifiable and rational belief on his part at the time of the accident that the clutchman had so heard.

In answer to the claim that under circumstances such as those just described there could be no recovery, as there would be no negligence, shown on the part of the defendant, it is sufficient to say that the court instructed the jury with reference to a duty on defendant's part to give warning of the starting of the elevator after it had been stopped at plaintiff's direction. It is said that under this instruction, which must be treated as the law of the case, there could be no finding of negligence on the part of the defendant if the clutchman, not hearing any direction from plaintiff as to the stopping of the elevator, started it without warning, and therefore, even had a correct instruction as to contributory negligence been given, there could not have been a verdict for plaintiff. An instruction, though erroneous, is the law of the case in determining whether a verdict returned by the jury is without support in the evidence, but we know of no authority for saying that, where a verdict has been returned which might have been based on an erroneous instruction, there can not be a reversal if under other instructions, also erroneous, the jury could not have found a different verdict. The verdict for the defendant may have been predicated solely upon the erroneous instruction with regard to contributory negligence, so that the jury never considered any issue with reference

2. SAME: verdict upon erroneous instructions: reversal.

to defendant's negligence. We prefer not to go into a discussion of what the finding of the jury must have been under the instruction as to defendant's negligence, in view of the error in regard to contributory negligence on which the verdict may have been founded. If the jury had under the instruction as to defendant's negligence found for plaintiff, we might have reversed the case on the ground that the evidence in that respect under the instruction did not support the verdict, but under such circumstances we would not have directed a judgment for the defendant, but the verdict would have been set aside and a new trial granted, and on such new trial the instruction would not have been binding. We cannot, therefore, now say that the instruction as to defendant's negligence was so far binding, though erroneous as to require the sustaining of a verdict based on an erroneous instruction.

Appellant's motion to strike from the files appellee's amendment to appellant's abstract on the ground that it contains matter not proper to be considered is overruled. Some of the amendments are entirely proper and necessary in the correction of the record. Such portion as might be properly considered unnecessary is so small that we would not be justified in imposing any penalty on the appellee.

3. APPEAL: amendment to abstract.

For error in the instruction as to contributory negligence, the judgment of the trial court is *reversed*.